| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS<br>MARSHALL DIVISION |
|---|---|

| | | |
|---|---|---|
| BERTHA MARIN, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CABINETWORKS GROUP MULTI-UNIT, LLC,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. ______________ |

**PLAINTIFF BERTHA MARIN'S ORIGINAL COMPLAINT**

Plaintiff Bertha Marin (referred to as "Marin") brings this action under 29 U.S.C. § 2104(a)(5) individually and on behalf of all similarly situated current and/or former employees of Defendant Cabinetworks Group Multi-Unit, LLC f/k/a Master WoodCraft Cabinetry, L.L.C. (referred to as "Cabinetworks") who were terminated without cause or suffered other employment loss as part of or as the result of a plant closing or mass layoff ordered by the company on or about February 06, 2024, and within thirty (30) days of that date and who were not provided with advance written notice of the plant closing or mass layoff as required by the Worker Adjustment Retraining and Notification Act, 29 U.S.C. §§ 2101-2109 ("WARN Act").

## I. Nature of Suit

1. Marin's claims arise under the WARN Act.

2. The WARN Act "provides protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance

of plant closings and mass layoffs[;] [a]dvance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

3. Cabinetworks violated the WARN Act by ordering a plant closing or mass layoff before "the end of a 60-day period after … serv[ing] written notice of such" plant closing or mass layoff to each affected employee, including Marin and other similarly situated employees. 29 U.S.C. § 2101(a); *see also*, *id.* at § 2101(a)(5) (defining "affected employee").

4. Marin (sometimes referred to as the "Class Representative") brings this action under 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23 individually and on behalf of all similarly situated current and/or former employees (defined below) to recover back pay, employee benefits and attorney's fees under the WARN Act.

## II. Jurisdiction & Venue

5. This action arises under a federal statute, the WARN Act. 28 U.S.C. § 1331 (federal-question jurisdiction); *see also*, 28 U.S.C. § 1334; 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this district and division because Cabinetworks transacts business in this district and division and because the WARN Act violations described in this complaint are alleged to have occurred in this district and division. *See*, 29 U.S.C. § 2104(a)(5).

7. Venue is proper in this district and division because Cabinetworks resides in this district and division and because a substantial part of the events or omissions

giving rise to Marin's claim occurred in this district and division. *See*, 28 U.S.C. §§ 1391(b)(1)-(2).

## III. Parties

8. Marin is an individual who resides in Harrison County, Texas, and who was employed by Cabinetworks during the last two years.

9. Cabinetworks is a Texas limited liability company that may be served with process by serving its registered agent:

CT Corporation
1999 Bryan St. Suite 900
Dallas, TX 75201

Alternatively, if the registered agent of Cabinetworks cannot with reasonable diligence be found at the company's registered office, Cabinetworks may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

10. An allegation that Cabinetworks committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Cabinetworks or was done in the normal course and scope of employment of Cabinetworks' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11. Cabinetworks engages in the manufacture and sale of cabinetry and related wood products.

12. Cabinetworks does business in the territorial jurisdiction of this Court.

13. Cabinetworks employed Marin from approximately August 4, 2014, through February 6, 2024.

14. During Marin's employment with Cabinetworks, the company had one hundred (100) or more employees (excluding part-time employees) or one hundred (100) or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime hours).

15. Cabinetworks employed Marin as a sander.

16. Cabinetworks employed Marin at its facility located at 232 N. Marshall Industrial Avenue in Marshall, Texas, (referred to as "the Marshall Facility"), and it employed other similarly situated current and/or former employees at that facility and at other facilities (referred to as "the Facilities"). *See*, 20 C.F.R. §§ 639.3(i)-(j).

17. Cabinetworks terminated Marin on February 6, 2024, without cause.

18. Marin's termination was part of a plant closing ordered by Cabinetworks because it involved the permanent or temporary shutdown of the Facilities and resulted in (1) the termination of; (2) a layoff exceeding six (6) months for; and/or (3) the reduction of hours of work by more than fifty percent (50%) during each month of any six-month period for at least fifty (50) of Cabinetworks' employees (excluding part-time employees) at the Facilities during any thirty-day period.

19. Alternatively, Marin's termination was part of a mass layoff ordered by Cabinetworks because it resulted in (1) the termination of; (2) a layoff exceeding six (6) months for; and/or (3) the reduction of hours of work by more than fifty percent (50%) during each month of any six-month period for either (1) at least five hundred (500) of Cabinetworks' employees (excluding part-time employees) at the Facilities or (2) at least

thirty-three percent (33%) of Cabinetworks' employees (excluding part-time employees) at the Facilities, which is at least fifty (50) employees (excluding part-time employees) during any thirty-day period.

20. Cabinetworks did not provide Marin or any other employee who may have been reasonably expected to be affected by the plant closing or mass layoff ("affected employees") with advance written notice of the plant closing or mass layoff in violation of 29 U.S.C. § 2102(a).

21. Cabinetworks did not provide Marin or any other affected employee, the pre-termination wages and benefits required by the WARN Act.

22. Cabinetworks is liable to any affected employee who suffered an employment loss as a result of the plant closing or mass layoff ordered by the company, including Marin, for (1) back pay for each day of violation (at a rate of compensation not less than the higher of the average regular rate received by each affected employee during the last three years of the employee's employment or the final regular rate received by such employee) and (2) benefits under an employee benefit plan described in 29 U.S.C. § 1002(3). *See also*, 29 U.S.C. § 2104(a)(7).

23. Cabinetworks is liable to any affected employee who suffered an employment loss as a result of the plant closing or mass layoff ordered by the company, including Marin, for her reasonable attorney's fees. *See*, 29 U.S.C. § 2104(a)(6).

24. All current and/or former employees of Cabinetworks who were terminated without cause or suffered other employment loss as part of or as the result of a plant closing or mass layoff ordered by the company on or about February 6, 2024, and within thirty (30) days of that date and who were not provided with advance written

notice of the plant closing or mass layoff as required by the WARN Act are similarly situated to Marin. 29 U.S.C. § 2104(a)(5).

## V. Count One—
## Failure to Provide Advance Written Notice of Plant Closing or Mass Layoff in Violation of 29 U.S.C. § 2102(a)

25. Marin adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

26. Cabinetworks employed Marin from August 4, 2014, to February 6, 2024, as a sander.

27. During Marin's employment with Cabinetworks, the company was covered by the WARN Act.

28. During Marin's employment with Cabinetworks, there was a plant closing or mass layoff at the Facilities that resulted in an employment loss to Marin and to other affected employees.

29. Under the WARN Act, Cabinetworks was required to provide Marin and any other affected employees with advance written notice of the plant closing or mass layoff. *See*, 29 U.S.C. § 2102(a).

30. Cabinetworks did not provide Marin or the other affected employees with advance written notice of the plant closing or mass layoff as required by the WARN Act. *See*, 29 U.S.C. § 2102(a).

31. Cabinetworks did not provide Marin or any other affected employee the pre-termination wages and benefits required by the WARN Act.

32. By failing to provide Marin and the other affected employees with advance written notice of the plant closing or mass layoff and by failing to them pay pre-

termination wages and benefits, Cabinetworks violated the WARN Act. *See*, 29 U.S.C. § 2102(a).

33. As a result of the WARN Act violation(s) described above, Cabinetworks is liable to Marin for back pay, employee benefits and attorney's fees.

## VI. Count Two—
## Class Action Allegations Under Fed. R. Civ. P. 23
## for Violations of the WARN Act

34. Marin adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

35. Marin, the Class Representative, brings Count One against Cabinetworks under Fed. R. Civ. P. 23 on behalf of the following class of persons.

> All current and/or former employees of Cabinetworks who were terminated without cause or suffered other employment loss as part of or as the result of a plant closing or mass layoff ordered by the company on or about February 6, 2024 and within thirty (30) days of that date and who were not provided with advance written notice of the plant closing or mass layoff as required by the WARN Act (referred to as the "WARN Act Class").

36. The claims of the WARN Act Class, if certified for class-wide treatment, will be pursued by all similarly situated persons who do not affirmatively opt-out of the class.

37. The members of the WARN Act Class are so numerous that joinder of all members is impracticable; the exact number of putative class members is unknown at the present time but should be over one hundred (100).

38. There are numerous questions of law and fact common to the WARN Act Class, including:

a. whether the members of the WARN Act Class were employees of Cabinetworks who worked at the Facilities;

b. whether Cabinetworks provided the members of the WARN Act Class with advance written notice of a plant closing or mass layoff ordered by the company that resulted in their termination without cause or other employment loss; and

c. whether Cabinetworks failed to pay the members of the WARN Act Class the pre-termination wages and benefits required by the WARN Act

39. Marin's claims are typical of the claims of the WARN Act Class because Marin and the members of the WARN Act Class all worked at the Facilities and were all part of the same plant closing or mass layoff that resulted in their termination without cause or other employment loss and that was ordered by Cabinetworks without advance written notice to Marin and the members of the WARN Act Class; in other words, Marin's claims and the claims of the WARN Act Class arise out of a common course of conduct of Cabinetworks and are based on the same legal and remedial theories.

40. Marin will fairly and adequately protect the interests of the WARN Act Class and has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Marin and her counsel are committed to prosecuting this action vigorously on behalf of the WARN Act Class, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed class.

41. Class certification of the WARN Act Class is appropriate under Fed. R. Civ. P. 23 because questions of law and fact common to the putative class members predominate over any questions affecting only individual members of the class;

adjudication of these common issues in a single action has important and desirable advantages of judicial economy, and there are no unusual difficulties likely to be encountered in the management of this case as a class action.

42. The class action mechanism is superior to any alternatives that may exist for the fair and efficient adjudication of these claims because:

a. proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources;

b. a class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate;

c. class treatment is the only realistic means by which the WARN Act Class can effectively litigate against a large, well-represented corporate defendant like Cabinetworks;

d. in the absence of a class action, Cabinetworks would be unjustly enriched because the company would be able to retain the benefits and fruits of the numerous violations of the WARN Act; and

e. numerous individual actions would place an enormous burden on the courts as they will be forced to take duplicative evidence and decide the same issues relating to Cabinetworks' conduct over and over again.

43. Cabinetworks has acted or refused to act on grounds generally applicable to the WARN Act Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to each class as a whole; prosecution of separate actions by members of the WARN Act Class would create the risk of inconsistent or varying adjudications with respect to individual members of the WARN Act Class that would establish incompatible standards of conduct for Cabinetworks.

44. Marin will send notice to all members of the WARN Act Class to the extent required by Fed. R. Civ. P. 23.

## VII. Count Three— Attorney's Fees Under 29 U.S.C. § 2104(a)(6)

45. Marin adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. Marin is authorized to recover attorney's fees on her claims by statute. 29 U.S.C. § 2104(a)(6).

47. Marin has retained the professional services of the undersigned attorneys.

48. Marin has complied with the conditions precedent to recovering attorney's fees.

49. Marin has incurred or may incur attorney's fees in bringing this lawsuit.

50. The attorney's fees incurred or that may be incurred by Marin were or are reasonable and necessary.

51. Cabinetworks is liable to Marin both individually and on behalf of the WARN Act Class for attorney's fees by reason of the WARN Act violations described above. *See*, 29 U.S.C. § 2104(a)(6).

## VIII. Relief Sought

52. Marin demands the following relief:

a. an order allowing this action to proceed as a class action under 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23.

b. an order appointing Marin representative of the WARN Act Class;

c. an order appointing Moore & Associates class counsel;

d. an incentive award for Marin for serving as class representative if the Court allows this action to proceed as a class action under 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23;

e. judgment against Cabinetworks in Marin's favor both individually and on behalf of the WARN Act Class for back pay, employee benefits and attorney's fees, plus interest and costs; and

f. all other relief and sums that may be adjudged against Cabinetworks in Marin's favor both individually and on behalf of the WARN Act Class.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: ______________________
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF BERTHA MARIN**